Good morning. May it please the Court, my name is Lisa Donnelly and I represent Hanna Dekhtiar. I'd like to talk about what I believe is the most important issue in this case and that is denial of the right to counsel. Mrs. Dekhtiar was represented by an attorney who had entered an appearance in the immigration court. This attorney was with Catholic Social Services and was representing her for free. She fired him and got a continuance of several months in which she was allowed to hire another lawyer, is that right? Well, Your Honor, she didn't fire him. The judge kind of on his own allowed the attorney to withdraw. So the attorney withdrew and did the judge give Dekhtiar a period of months to retain other counsel? MS. DEKHTIAR He did, Your Honor. However, he never gave her the option of continuing with the attorney she had. She seemed confused when this discussion took place. She said she was thinking about hiring another attorney and the judge could have simply allowed her to proceed with the attorney she had until such time as she hired another attorney and that's what's typically done in immigration court nowadays, in my experience. MR. GOLDSMITH Could you tell me what page to look at? I don't actually understand what you mean by didn't give her the opportunity to continue with the attorney she had. MS. DEKHTIAR Well, it's kind of a long discussion in the record and this is, this discussion is in the portion of the transcript that was not transcribed when this case was originally submitted. MR. GOLDSMITH Okay, but it is now, right? MS. DEKHTIAR Yes, and it, that's at pages, one moment, excerpts of record 36 to 41. QUESTION Just while we're looking at that, did you raise, did your client raise this claim below, the due process violation for ineffective assistance? MS. DEKHTIAR No, Your Honor, because this claim wasn't discoverable until the first 20 pages of the transcript were produced, which didn't occur until after I filed this petition for review. MR. GOLDSMITH I don't know what you mean by not discoverable. I would think that if the client was willing and the judge said, no, you can't, that even though there wasn't a transcript of it, that she would know it and her lawyer at that time would know it. MS. DEKHTIAR What she didn't understand is that she had the option of keeping the same lawyer she had and that when she said she was thinking about hiring another lawyer, the judge could have said, well, when you hire another lawyer, then do a substitution of counsel. But instead, the judge said, well, you've said you want to hire another lawyer, so when you come to your next hearing, you either have to have another lawyer or you have to represent yourself. The judge didn't say, you can keep this lawyer until you find another lawyer. QUESTION And that's a due process violation? MS. DEKHTIAR Yes, because it affected her entire case. MS. DEKHTIAR But is the judge obligated to tell her you can keep, to give her that advice? MS. DEKHTIAR Yes. MS. DEKHTIAR Is there a bond to that effect? MS. DEKHTIAR Well, there's a statute which gives a respondent in immigration proceedings the right to an attorney. And I just don't think that the judge explained that to her  MR. GARRETT I still want to look at the explanation, and I looked at Excerpt 36 that I think you mentioned before, and that's not right. That's a piece of the petition for review. MS. DEKHTIAR Okay. Well, it's a little bit confusing because there are the baits. MR. GARRETT I'm confused. You're going to straighten me out. MS. DEKHTIAR Yeah. You may be looking at the other, there are two numbering systems. There are the bait stamps for the administrative record, and then in the excerpts of record. MR. GARRETT Oh, I see. I was looking at the administrative record. MS. DEKHTIAR So you would say excerpts of record 36 and 37? Is that what you're referring to? MS. DEKHTIAR 36 through 41. MS. DEKHTIAR All right. MR. GARRETT I'm still trying to figure it out. MS. DEKHTIAR And there was no motion to withdraw by counsel, and there was no request to withdraw from Mrs. Dekhtiar to allow her counsel to withdraw. It was something that the judge did at the end of that hearing on his own. It was almost like an afterthought. MS. DEKHTIAR Didn't the judge ask her if she wanted to continue with these lawyers, and she said, no, I want to get a lawyer of my own? MS. DEKHTIAR I don't. MS. DEKHTIAR So he told her, well, you'd have to either get a lawyer or you'd sort of take care of it yourself. And she said, all right. And he said, okay, under those circumstances, I'll allow these lawyers to withdraw. MS. DEKHTIAR Well, Your Honor, I don't think that's exactly what she said. She did seem confused about it. I think the words she used were, I'm thinking about getting another lawyer. MS. DEKHTIAR He did say to her on page 36 that, well, you can stay with the lawyer you have if you want. MS. DEKHTIAR That's true. But then it was after that, she says, on page 37, the judge said, what is the lawyer's name? And she says, I was advised right now, and I don't know his name. I wanted to represent myself without a lawyer, but now I was recommended to hire a lawyer, so I am thinking about that. And then they go off the record because she's having some kind of medical issue. MS. DEKHTIAR Looks like he did his best to help her. He said, you don't seem to understand. You've already had the help of Ms. Benson and Mr. Cordova. And he had just explained to her that Ms. Benson is a lawyer. MS. DEKHTIAR That was, yeah, I believe that was at the previous master calendar hearing when she said, she indicated she did want their help. MS. DEKHTIAR And then she says she wants to represent herself, but somebody told her she should hire a lawyer, and she's thinking about it. So it gives her months to think about it and to hire a lawyer if she wants. I don't understand what the problem is. MS. DEKHTIAR Well, I think that the judge should have told her that she could continue with the current lawyer until she found a new lawyer. And in my experience, that's what the judges do in immigration court. They don't allow me to withdraw unless my client has a new lawyer, for example. If there are no more questions, I'll just reserve the rest of my time. MS. SCADRON Good morning, Your Honor. Terry Scadron representing the Respondent. I, like my opposing counsel here, will begin with the issue of counsel. That does seem to be the focus here. For starters, Mrs. Dekhtiar failed to exhaust her claim regarding her lack of representation at her removal hearing. She has argued that she did not have an opportunity to raise this issue because she did not have the full transcript when she filed her notice of appeal form. But, Your Honor, no alien has the full transcript at that stage in the administrative appeal. Mrs. Dekhtiar did know, certainly, that she was unrepresented by counsel at her hearing, and she thought that that was a defect in the proceeding. That's something that she certainly could have raised. The lack of transcript didn't prevent her from I suppose what it's really all about is she could raise it if she knew what she was doing and what she was raising and how to talk about it. But a new lawyer, unfamiliar to the case, substituted in reading the transcript to figure out what points there were to raise wouldn't see it. And unless the lawyer talked to her extensively and figured out what her complaint was, she might not know it. I would agree with that, Your Honor. But she was pro se when she filed her notice of appeal form from the immigration judge's decision. And that is the juncture at which she raised the issues concerning translation and also challenged the removal or the denial of asylum on the merits. Now, because she was pro se, certainly she couldn't be expected to articulate a full legal argument. She wouldn't be expected to cite to this court's decisions concerning representation. But, however, inartfully, she could have had a sentence, something alerting the board to the fact that she was unrepresented by counsel and she thought that that was a defect in her proceeding. Now, she was later represented by... Because all she had to do to raise it was say, the immigration judge wouldn't let me keep Ms. Benson, my lawyer. Correct. And that hurt my case. I mean, just some sort of, something to call the board's attention to that being an issue in the case. And perhaps that also would have alerted the board to look for some of the preliminary hearing proceedings that would have related to the lack of counsel at the hearing. So, our position is that the court should not even reach the issue of her due process issue because of the failure to exhaust. And certainly under this court's precedent, a procedural defect that could have been remedied by the agency is one that needs to be exhausted. The court has held that since Lew v. Waters and has repeatedly reaffirmed that principle. Now, turning to the merits of the claim, for starters, there is a question as to whether she actually was represented by Ms. Benson at her original master calendar hearing. Ms. Benson did appear for her, but one thing that we note is that the notice of appearance form that she filed with the Immigration Court does not have the section filled out saying that Mrs. Dektyer consented to the representation. But we'll assume for purposes of argument that as of the master calendar hearing, she was represented by Ms. Benson. Now, at the next hearing... She didn't sign the consent to Ms. Benson representing her? No, she did not, Your Honor. And that appearance form, direct your attention to page 519 of the administrative record. That appearance form was filed, I assume, immediately after the hearing, but there's no signature by Mrs. Dektyer. So there's nothing in the record that, besides her saying at the master calendar hearing, yes, Ms. Benson can speak for me at this hearing, there's nothing in the record confirming that these people were actually representing her. Now, at the August hearing that was supposed to be her merit hearing, the representative, Mr. Cordova, who appeared to represent her, did not come in asking to explain why Mrs. Dektyer could not appear because she had an automobile accident and needed recuperation time. But from the beginning of that hearing, it's clear that he was prepared to continue to represent her. The immigration judge, though, began to inquire about whether there was a representation agreement when Mrs. Dektyer herself volunteered that she The immigration judge provided her with four months to obtain new counsel, and this was after her case had been pending for quite some time, nearly a year at that point. So I really don't see how anything that the immigration judge did in this case could give rise to a due process violation. I'll note also that the petitioner's counsel has relied extensively on this court's Jocinto decision, which also involved an unrepresented alien. But unlike in Jocinto, this immigration judge fully explained to Mrs. Dektyer that she had a right to present evidence on her own behalf, to cross-examine witnesses, to present documents. She also did not prevail on her asylum case. So we would argue that that decision is distinguishable if the court actually reaches the merits of the due process claim. Finally, we would argue on that claim that she cannot prevail without showing prejudice, and at no point has she failed in her asylum case because of her lack of representation at the hearing. She was found credible. Her testimony was found to be consistent with her asylum application and her detailed statement in support of that application. However, she failed because she failed to demonstrate a nexus between any harms that she allegedly suffered in Russia and any political opinion that was being imputed. For all of these reasons, we ask the court to reject her due process claim. First, for lack of jurisdiction due to her failure to exhaust, and should the court reach the issue, it should deny on the merits. Thank you, Counselor. Thank you. I believe you reserved a short amount of time. Yes, Your Honor. I don't think it's important that Mrs. Dektyer didn't sign the representation form. It was submitted to the court, the court accepted it, and the court believed that she was represented by counsel. Otherwise, the judge would not have signed an order allowing withdrawal of counsel. As far as the issue of prejudice goes, the judge was well aware that Mrs. Dektyer's husband had filed an asylum application himself at the time of the hearing, yet the judge didn't ask Mrs. Dektyer any questions about the basis for her husband's asylum claim. If Mrs. Dektyer had had an attorney, her attorney certainly would have called the with her asylum application. There was a discussion of an incident where her son was beat up, and this was not even brought up at the immigration. I thought she and the husband were estranged, and the husband had checked the no box for whether they were filing together. The husband did check the no box, and there's nothing in the record to show this, but basically the husband didn't think that he was allowed to include her because she had her own application pending already, but that's not in the record. They were not estranged. He had filed some divorce papers. It was never finalized, and he had done that to make it easier for him to travel. I believe that was the testimony. My time is up. Thank you, counsel. Dektyer versus INS is submitted. I was handed a note that 930 GSA is having a fire drill. We do not need to leave the building, but we may hear the alarm, so don't get alarmed when you hear the alarm. Thank you.
judges: Hall, Kleinfeld, Wardlaw